UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARK and AUREA SIMPSON, JEFF and MOLLI FUNK and MINDY NEWBERRY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PULTE HOME CORPORATION, a corporation; PULTE MORTGAGE, LLC, a limited liability corporation; and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No: C 11-5376 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>Dkt. 10 |

Plaintiffs Mark and Aurea Simpson, Jeff and Molli Funk and Mindy Newberry commenced the instant putative class action in Contra Costa County Superior Court against Defendants Pulte Home Corporation ("Pulte Home") and Pulte Mortgage, LLC ("Pulte Mortgage"). Plaintiffs' First Amended Complaint ("FAC") alleges state law causes of action for violation of California's Unfair Competition Law ("UCL"), intentional misrepresentation, concealment and negligent misrepresentation. These claims are based on allegations that Defendants failed to disclose to purchasers of homes built by Pulte Homes that they would be subject to undisclosed governmental special assessments. Defendants removed the action on the basis of diversity jurisdiction and the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(a), (d).

The parties are presently before the Court on Defendants' Motion to Compel Individual Arbitration and Dismiss or Stay Proceedings Pending Arbitration. Dkt. 10. Having read and considered the papers submitted and the record in this action, and being fully informed, the Court hereby GRANTS the motion. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. FACTUAL SUMMARY

In 2007 and 2008, Plaintiffs purchased new homes from Pulte Home in the Magnolia Park subdivision of Oakley, California. First Am. Compl. ("FAC") ¶¶ 2-5. According to Plaintiffs, Pulte Home affirmatively misrepresented and/or failed to disclose the existence of bond obligations and other governmental assessments, commonly referred to as "special taxes" or "special assessments." Id. ¶ 1. Pulte Home allegedly did so "to make its homes appear more valuable than they actually were." Id.

In connection with the purchase of their respective homes, each of the Plaintiffs executed a form Purchase Agreement. Roser Decl. Exs. A-D. Each Purchase Agreement contains a lengthy arbitration clause. The first page of the Purchase Agreement includes the following notice:

> THIS AGREEMENT CONTAINS A MANDATORY BINDING ARBITRATION PROVISION IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT. BY EXECUTING THIS AGREEMENT YOU AGREE THAT ANY DISPUTE BETWEEN US WILL BE RESOLVED BY BINDING ARBITRATION AND YOU THEREFORE WAIVE YOUR RIGHT TO A JURY TRIAL. PLEASE MAKE SURE THAT ALL PROVISIONS OF THIS AGREEMENT ARE READ AND UNDERSTOOD BEFORE SIGNING. IF YOU DO NOT UNDERSTAND ANY PROVISION, YOU SHOULD SEEK LEGAL ADVICE.

Id. Ex. A at 1. The arbitration clause itself states, in relevant part, as follows:

> **POST-CLOSING ARBITRATION OF DISPUTES:**
>
> **A. Agreement to Arbitrate**. Your Home involves interstate commerce with trades and suppliers outside California. Except for disputes regarding Liquidated Damages …, any controversy, claim, cause of action, liability or dispute … arising out of or in

>any way related to this Agreement, Your property, Home, community … including, without limitation, claims for breach of contract, express or implied warranty, strict liability, negligence, nuisance, statutory violation, misrepresentation, and/or fraud, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act (Title 9 of the United States Code).
>
>**B. Rules**. Claims shall be resolved in accordance with the construction industry arbitration rules of the AAA [American Arbitration Association], the AAA's Supplementary Procedures for Consumer/Residential Construction Disputes … and the terms of this Agreement.

Id. at 6.

The arbitration clause contains a putative class action waiver which states:

>**E. Joinder.** The parties may join other parties as provided in the Rules except that <u>You may not join Your Claims against Us with the claims of any other homeowners</u>. The parties may include Our subcontractors and suppliers in the arbitration to the extent they involve Your Claims.

Id. at 7 (emphasis added). This provision is at issue in the instant motion.

Finally, the end of the arbitration provision states:

>**NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE "ARBITRATION OF DISPUTES" PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND THE FEDERAL ARBITRATION ACT AND YOU ARE GIVING UP ANY RIGHTS YOU MAY POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS SUCH RIGHTS ARE SPECIFICALLY INCLUDED IN THE "ARBITRATION OF DISPUTES" PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE OR THE FEDERAL ARBITRATION ACT. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY.**

Id. at 7. Each Plaintiff initialed the space below the arbitration clause in recognition of their understanding and acceptance thereof.

### B. PROCEDURAL HISTORY

Plaintiffs filed a Complaint and a FAC on September 6, 2011, and October 5, 2011, respectively, in Contra Costa County Superior Court, naming Pulte Home and its subsidiary, Pulte Mortgage as Defendants. FAC ¶¶ 7-8. On November 7, 2011, Defendants removed the action on the basis of diversity jurisdiction and CAFA. Dkt. 1. The FAC alleges four causes of action based on the UCL, intentional misrepresentation, concealment, and negligent misrepresentation.

Defendants have now filed a motion to compel arbitration which seeks to compel arbitration of Plaintiffs' claims on an individual basis, and to either dismiss or stay the action pending arbitration. Dkt. 10. In their opposition, Plaintiffs concede that the arbitration clause contained in their respective Purchase Agreements is valid and enforceable with respect to their individual claims, and they agree that such claims should be arbitrated. Dkt. 31. Nonetheless, they contend that the Court should decline to enforce the class action waiver on the ground that it is unconscionable under California law, and hence, unenforceable. In other words, Plaintiffs' position is that their claims may be arbitrated on a classwide basis.

## II. <u>LEGAL STANDARD</u>

Under the Federal Arbitration Act ("FAA"), any party bound by an arbitration agreement that falls within the scope of the FAA may bring a petition in federal district court to compel arbitration. 9 U.S.C. § 4. When faced with a petition to compel arbitration, the district court's role is a discrete and narrow one. "By its terms, the [FAA] 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" <u>Chiron Corp. v. Ortho Diagnostic Sys., Inc.</u>, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting <u>Dean Witter Reynolds Inc. v. Byrd</u>, 470 U.S. 213, 218 (1985)).

"The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses

the dispute at issue. … If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." Id.  Where the claims alleged in a pleading are subject to arbitration, the Court may stay the action pending arbitration or dismiss the action.  See 9 U.S.C. § 3; Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988).

## III. DISCUSSION

### A. OVERVIEW

Defendants contend that the Court should compel arbitration of Plaintiff's claims with the specific proviso that the arbitrations be compelled "on an individual basis."  Defs.' Mot. at 6.  Plaintiffs do not dispute that the arbitration clause contained in the Purchase Agreement is valid and enforceable, nor do they dispute that their individual claims are subject to arbitration.  Instead, Plaintiffs contend that the class action waiver set forth in Paragraph E of the Purchase Agreement, which precludes homeowners from joining their claims with those of other homeowners, is unconscionable.  Pls.' Opp'n at 5.

The starting point for the Court's analysis is the Supreme Court's decision in AT & T Mobility LLC v. Concepcion, 131 S.Ct. 1740 (2011), which significantly limits litigants' ability to challenge class action waiver clauses contained in arbitration agreements. Specifically, the Court reviewed the Ninth Circuit's decision in Laster v. AT & T Mobility LLC, 584 F.3d 849 (9th Cir. 2009), rev'd sub nom., Concepcion, 131 S.Ct. 1740, which held that a class action waiver provision in an arbitration agreement is unenforceable under the test for unconscionability set forth in Discover Bank v. Superior Court, 36 Cal.4th 148 (2005).  The Supreme Court reversed Laster, and held that the Discover Bank rule is preempted because "[r]equiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA." Concepcion, 131 S.Ct. at 1748.  Thus, "agreements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not

1    by defenses that apply only to arbitration or that derive their meaning from the fact that an
2    agreement to arbitrate is at issue." Id. at 1746.¹

3    Here, Plaintiffs contend that Defendants' class action waiver is unconscionable, and
4    therefore, the Court should not preclude the arbitrator from considering their claims on a
5    class basis. Pls.' Opp'n at 1. "[I]n assessing whether an arbitration agreement or clause is
6    enforceable, the Court should apply ordinary state-law principles that govern the formation
7    of contracts." Davis v. O'Melveny & Myers, 485 F.3d 1066, 1072 (9th Cir. 2007)
8    (quotation omitted). Under California law, a contractual clause is unenforceable if it is both
9    procedurally and substantively unconscionable. Armendariz v. Found. Health Psychcare
10   Servs., Inc., 24 Cal.4th 83, 114 (2000). "California courts apply a 'sliding scale' analysis in
11   making this determination: 'the more substantively oppressive the contract term, the less
12   evidence of procedural unconscionability is required to come to the conclusion that the
13   term is unenforceable, and vice versa.'" Pokorny v. Quixtar, Inc., 601 F.3d 987, 996 (9th
14   Cir. 2010). "[T]he party opposing arbitration has the burden of proving the arbitration
15   provision is unconscionable." Higgins v. Super. Ct., 140 Cal. App. 4th 1238, 1249 (2006)
16   (quotation omitted).

   **B.    UNCONSCIONABILITY**

   **1.    Procedural Unconscionability**

19   "Procedural unconscionability pertains to the making of the agreement; it focuses on
20   the oppression that arises from unequal bargaining power and the surprise to the weaker
21   party that results from hidden terms or the lack of informed choice." Ajamian v.
22   CantorCO2e, L.P., 203 Cal. App. 4th 771, 795 (2012) (emphasis added). "Oppression

---

[1] Plaintiffs posit that Concepcion is "completely inapplicable to this case" on the ground that the arbitration clause contained in the Purchase Agreement is an "anti-joinder" clause, as opposed to a class action waiver. Pls.' Opp'n at 11. This contention elevates form over substance. While the arbitration clause does not expressly use the term "class action," it explicitly bars homeowners from joining their claims with other homeowners. Roser Decl. Exs. A ¶ E. Thus, in effect, the anti-joinder provision functions as a class action waiver. C.f. Dukes v. Wal–Mart Stores, Inc., 603 F.3d 571, 651 (9th Cir. 2010) ("[t]he class action device is a procedural mechanism to aggregate individual claims for purposes of judicial efficiency."), rev'd on other grounds, – U.S. –, 131 S.Ct. 2541 (2011).

arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice.  Surprise involves the extent to which the supposedly agreed-upon terms are hidden in a prolix printed form drafted by the party seeking to enforce them." Flores v. Transam. Homefirst, Inc., 93 Cal. App. 4th 846, 853 (2001).

Plaintiffs contend that the arbitration clause, which includes a class action waiver, was set forth in the pre-printed Purchase Agreement presented to them on a non-negotiable, take-it-or-leave it basis.  See Simpson Decl. ¶ 3; Funk Decl. ¶ 3.  Agreements offered on a take-it-or-leave-it basis generally are considered to be adhesive.  See Trivedi v. Curexo Tech. Corp., 189 Cal.App.4th 387, 393 (2010) ("Procedural unconscionability occurs when the stronger party drafts the contract and presents it to the weaker party on a 'take it or leave it basis.'").  Defendants dismissively assert that Plaintiffs had a "broad array of options" other than choosing to purchase a home from them.  Defs.' Reply at 5.  The mere availability of other purchase choices, however, does not ipso facto render an agreement non-oppressive.  See Lona v. Citibank, N.A., 202 Cal.App.4th 89, 109 (2011) ("Absent unusual circumstances, evidence that one party has overwhelming bargaining power, drafts the contract, and presents it on a take-it-or-leave-it basis is sufficient to demonstrate procedural unconscionability and require the court to reach the question of substantive unconscionability, even if the other party has market alternatives.") (emphasis added).

Plaintiffs also have made a sufficient showing of surprise.  Defendants emphasize the fact that the Purchase Agreement prominently disclosed the existence of an arbitration clause and instructed purchasers to review all provisions of the Purchase Agreement before signing it.  Defs.' Reply at 3.  This contention misses the point.  While the Purchase Agreement clearly notified Plaintiffs that the agreement contained an arbitration clause, the same cannot be said of the class action waiver, which appears in the middle of a page-and-a-half long, single-spaced arbitration clause, in the same sized font as the fourteen other paragraphs comprising the clause.  Under these circumstances, "[t]he weaker party would not reasonably expect that his or her claims could not be joined with others in a single proceeding." Parada v. Superior Court, 176 Cal.App.4th 1554 1571-72 (2009) (inclusion of

1 class action waiver which was not highlighted was procedurally unconscionable). Thus, the
2 Court finds that Plaintiffs have satisfied both the oppression and surprise elements
3 necessary to establish that the class action waiver contained in the Purchase Agreement is
4 procedurally unconscionable.

### 2. Substantive Unconscionability

The remaining question is whether the class action waiver is substantively unconscionable. "Substantive unconscionability centers on the terms of the agreement and whether those terms are so one-sided as to shock the conscience." Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1172 (9th Cir. 2003) (internal quotation mark omitted). "[M]utuality is the 'paramount' consideration when assessing substantive unconscionability." Pokorny, 601 F.3d at 997-98. To avoid being found substantively unconscionable, "arbitration agreements must contain at least 'a modicum of bilaterality' . . . ." Id. at 998.

Plaintiffs contend that the class action waiver lacks the requisite "modicum of bilaterality" on the ground that it specifically prohibits homeowners from joining their claims with other homeowners, while imposing no corresponding restriction on Defendants. Pls.' Opp'n at 8. According to Plaintiffs, Defendants' motivation for imposing a class action waiver is to discourage homeowners from bringing claims against them, since litigating their claims on an individual basis is much less financially attractive than if they were permitted to do so on a class basis. Pls.' Opp'n at 9. Both the Supreme Court in Concepcion and the Ninth Circuit have considered and rejected the concerns expressed by Plaintiffs as a basis for finding a class action waiver unconscionable. Concepcion, 131 S.Ct. at 1752-53; accord Coneff v. AT & T Corp., 673 F.3d 1154, 1159 (9th Cir. 2012) ("Although Plaintiffs argue that the claims at issue in this case cannot be vindicated effectively because they are worth much less than the cost of litigating them, the Concepcion majority rejected that premise."). In view of Concepcion and its progeny, the Court is not persuaded by Plaintiffs' contention that the class action waiver is substantively unconscionable. Because Plaintiffs have not shown that the class action waiver is both

1  procedurally and substantively unconscionable, the Court finds that the class action waiver
2  is enforceable.

### C. CLAIMS AGAINST PULTE MORTGAGE

Finally, Plaintiffs contend that they cannot be compelled to arbitrate their claims against Pulte Mortgage, which is not a signatory to the Purchase Agreement.  Pls.' Opp'n at 13.  Under the judicially created equitable estoppel doctrine, "a nonsignatory defendant may invoke an arbitration clause to compel a signatory plaintiff to arbitrate its claims when the causes of action against the nonsignatory are 'intimately founded in and intertwined' with the underlying contract obligations."  Jones v. Jacobson,195 Cal.App.4th 1, 20 (2011) (citation omitted).  The underlying rationale for this doctrine is "to prevent a party from using the terms or obligations of an agreement as the basis for his claims against a nonsignatory, while at the same time refusing to arbitrate with the nonsignatory under another clause of that same agreement."  Id. (internal quotations omitted).  To enforce an arbitration clause, (1) the non-signatory must have a "close relationship" with the other entity which signed the agreement, and (2) the subject matter of the dispute must be intertwined with the contract providing for arbitration.  See Mundi v. Union Sec. Life Ins. Co., 555 F.3d 1042, 1045-46 (9th Cir. 2009).

As an initial matter, Plaintiffs do not challenge the fact that Pulte Home and Pulte Mortgage are alleged to be closely related.  Indeed, the FAC itself alleges that Pulte Mortgage is a subsidiary of Pulte Home, and that it "provides loans to purchasers of homes built and sold by Pulte Home []."  First Am. Compl. ¶¶ 7, 8.  This is sufficient to establish the requisite "close relationship" between the signatory and non-signatory for purposes of applying the doctrine of equitable estoppel.  See In re Currency Conversion Fee Antitrust Litig., 265 F. Supp. 2d 385, 402-403 (S.D.N.Y. 2003).

While Plaintiffs do not dispute the close relationship between Defendants, they insist that their "claims against Pulte Mortgage are not based on any obligations under the Purchase Agreement," but rather, "flow[] from other sources such as the inaccurate Good Faith Estimate."  Pls.' Opp'n at 14.  The flaw in this argument is that it ignores that

- 9 -

Plaintiffs' allegations against Pulte Home and Pulte Mortgage are inextricably intertwined. In the FAC, Plaintiffs allege that both Defendants were involved in a joint enterprise designed to defraud Plaintiffs into consummating their purchase of property at the Magnolia Park development pursuant to the Purchase Agreement. FAC ¶ 31. Moreover, Plaintiffs' claims are predicated upon the same course of conduct. Id. ¶¶ 40-67. In view of these allegations, the Court is persuaded that it is appropriate to compel arbitration as to both Pulte Home and non-signatory Pulte Mortgage. See Mundi, 555 F.3d at 1046; e.g., In re Apple & AT & TM Antitrust Litig., -- F. Supp. 2d --, 2011 WL 6018401, at *6-*7 (N.D. Dec. 1, 2011) (compelling arbitration as to non-signatory where antitrust claims arose from the same agreement and the defendants had a prior contractual relationship with one another).

In sum, Plaintiffs cannot have it both ways; they cannot file claims against Pulte Home based on allegations that both Defendants misled them into signing a Purchase Agreement, but simultaneously deny Pulte Mortgage the ability to enforce the arbitration provision of that agreement. Thus, the Court finds that Plaintiffs' claims against Pulte Mortgage may properly be referred for arbitration.

### D.     DISMISSAL OR STAY

Defendants request that the Court either dismiss or stay the action pending arbitration. Defs.' Mot. at 10. Plaintiffs respond that a stay is preferable to dismissal. Pls.' Opp'n at 15. Therefore, the Court stays, as opposed to dismisses, the instant action.

## IV. CONCLUSION

The Court finds that Defendants' prohibition against the joinder of homeowner claims constitutes a class action waiver, which, while procedurally unconscionable, is not substantively unconscionable. Accordingly, the class action waiver is valid and enforceable, and precludes Plaintiffs from pursuing their claims before the Arbitrator as a class action. In addition, because of Defendants' close relationship and the interrelationship between the claims alleged and the Purchase Agreement, arbitration may be compelled as to both Defendants. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion to compel arbitration is GRANTED, as set forth above.

2. The instant action is STAYED and administratively closed pending the arbitration of Plaintiffs' claims.

3. The Clerk shall terminate all pending matters.

IT IS SO ORDERED.

Dated: May 7, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge